**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **In the Matter of:** | **Chapter 11** |
| **OAK-BARK CORPORATION** | **Case No.: 23-03351-5-JNC** |
| Debtor | |

## APPLICATION FOR AUTHORITY TO EMPLOY AND APPOINT SPECIAL COUNSEL AND MOTION TO ASSUME EXECUTORY CONTRACT

NOW COMES Oak-Bark Corporation ("Debtor") by and through undersigned counsel, and requests that the court enter an order pursuant to 11 U.S.C. §§ 105(a), 365(d)(2), 327(a), and Fed. R. Bankr. P. 2014 authorizing Debtor to employ The Law Offices of G. Grady Richardson, Jr., P.C. ("Firm"), designate G. Grady Richardson Jr. of Firm ("Mr. Richardson") as Special Counsel of Debtor pursuant to the terms of a pre-Petition Contract of Employment between Debtor and Firm (the "Contract"), and to assume the Contract. A copy of the Contract is attached hereto as **Exhibit A**. In support of this motion, Debtor shows unto the court the following:

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on November 17, 2023 (the "Petition Date").

3. In or about April 2009, MPD Holdings, LLC ("MPD") executed and conveyed a promissory note to Debtor in the amount of $2,200,000.00 (the "Promissory Note") in connection with an Asset Purchase Agreement transaction. Upon information and belief, Entegris, Inc., acquired and became the successor to MPD and all of MPD's obligations to Debtor including the Promissory Note.

4. Debtor asserts that Entegris, Inc., began defaulting on its quarterly payments of the Promissory Note in or about January 2022 and has continued to default on those payments as of the filing of this Application.

5. Debtor anticipates the need to file a lawsuit against Entegris, Inc., related to its breach of the Promissory Note (the "Litigation").

6. Debtor intends to employ the Firm to litigate and assert all claims and remedies available to Debtor through the Litigation, pursuant to the terms of the Contract between Debtor and the Firm.

7. The Affidavit of G. Grady Richardson, Jr., in support of this Application is attached hereto as **Exhibit B** (the "Affidavit").

8. Debtor selected Mr. Richardson because it believes him to be well-qualified to represent it in the Litigation and because Mr. Richardson has served as counsel for Debtor for a period of approximately twenty years, giving him institutional knowledge of the history of Debtor and facts pertinent to the Litigation.

9. Debtor desires to employ Mr. Richardson at the partial contingent fee of 28% of any and all money collected from Entegris, Inc. related to the adjudication of its debt to Debtor, as designated in the Contract, subject to court approval. Pursuant to the terms of the Contract, Mr. Richardson was also paid an upfront, non-refundable flat fee payment of $40,000.00 on or about the date the Contract was executed.

10. Mr. Richardson is a disinterested person[1] and represents no interest adverse to Debtor or the estate in the matters upon which he is to be engaged for Debtor, and his employment would be in the best interests of this estate.

11. Mr. Richardson, to the best of Debtor's knowledge, has no connections with the Debtor, creditor, or any other party in interest, or their respective attorneys or accountants except as set forth herein and in the Affidavit.

12. Debtor hereby assumes the Contract with Mr. Richardson and the Firm.

13. For all of the reasons set forth herein, Debtor submits that the employment of Firm and designation of Mr. Richardson as Special Counsel to Debtor to provide the services and fulfill the responsibilities described above and the assumption of the Contract under Debtor's bankruptcy proceeding are appropriate and necessary to Debtor's Litigation and are in the best interests of Debtor, Debtor's estate, its creditors, and all other parties in interest.

WHEREFORE, based on the foregoing, Debtor requests that the court enter an order authorizing it, pursuant to 11 U.S.C. §§ 105(a), 327(a) and Fed. R. Bankr. P. 2014, to employ Firm and designate Mr. Richardson of that Firm as Special Counsel pursuant to the terms of this

---

[1] The Firm and Mr. Richardson intend to represent James C. Barker, President of Debtor and William E. Oakley, Chairman of Debtor (the "Corporate Officers") in litigation known by case no. 7:23-cv-01150-FL, which is currently pending in the United States District Court for the Eastern District of North Carolina, Wilmington Divisions (the "EPA Lawsuit"). The EPA Lawsuit was initiated by the United States of America against Debtor and the Corporate Officers, *et al.*, who are collectively the Defendants in the EPA Lawsuit. Debtor filed a motion to transfer the venue of the EPA Lawsuit to this court on November 20, 2023 [Doc. No. 47]. George Mason Oliver will represent the Debtor, and the Firm and Mr. Richardson will represent the Corporate Officers in defense of the EPA Lawsuit. The EPA Lawsuit is unrelated to the Litigation referenced in this Application.

Application and the Contract of Employment, and for such other and further relief as the court deems just and proper.

This the 3rd day of January 2024.

<u>s/George Mason Oliver</u>
GEORGE MASON OLIVER
N.C. State Bar #26587
THE LAW OFFICES OF
OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563-1548
(252) 633-1930
(252) 633-1950 (fax)
Email: george@olivercheek.com

# EXHIBIT "A"

STATE OF NORTH CAROLINA                                    COUNTY OF NEW HANOVER

## CONTRACT OF EMPLOYMENT

OAK-BARK CORPORATION (collectively, "Client") does hereby retain and employ G. Grady Richardson, Jr. and the Law Offices of G. Grady Richardson, Jr., P.C. (collectively, "Attorney"), as Client's Attorney to represent Client in all matters relative to the dispute concerning Entegris, Inc.'s breach of its repayment obligations under Client's asset purchase agreement and the promissory note obligations of Entegris owed to Client in the principal amount of 1.3 million dollars plus interest and attorneys' fees and costs for which Entegris is obligated but is refusing to pay to Client (collectively, "Dispute").

In light of the Dispute, Client is hiring Attorney to pursue recovery of all money due to Client from Entegris, Inc., including without limitation, the 1.3 million principal sum owed to Client, plus interest and attorneys' fees and costs (collectively, Client's "Claim"). The Client, as compensation for the professional legal representation and services of Attorney, agrees to pay said Attorney as follows: (1) twenty-eight percent (28%) of any and all money collected from Entegris, Inc. related to Attorney's actions on behalf of the Client regarding the Dispute and collected on Client's Claim, whether by settlement (formally or informally) or adjudication, legal interest included and regardless of when and how received; and, (2) an upfront, non-refundable flat fee payment of forty-thousand and no/100 dollars ($40,000.00), payable upon the execution of this Contract of Employment.

Client and Attorney acknowledge that one possible outcome from Attorney's efforts could be that Entegris reinstates the promissory note it owes to Client and pays Client all accrued interest (currently estimated at $80,000.00 and agrees to make quarterly interest payments to Client moving forward. In this outcome, Client would be unable to pay Attorney the approximate attorneys' fees of $364,000 based on the reinstatement because the actual proceeds would not be in Client's possession since Entegris will still be indebted to Client and paying Client on the note and the interest that accrues. In this situation, Client would pay Attorney the 28% fee recovery on the accrued interest payment made by Entegris to Client (which would be approximately $22,400 based on 28% of $80,000) and then Client would not have to pay anything else to Attorney (including future quarterly interest installment payments made by Entegris to Client) unless and until the money owed by Entegris is released to Client and/or by the EPA and comes into the possession of Client such that Client can pay Attorney the 28% fee recovery from the amounts of the proceeds that are released.

It is agreed and understood that this employment is on a partial contingent fee basis and if no recovery is made pursuant to the terms herein, the Client will only be indebted to said Attorney for the flat fee. Client is still obligated to reimburse Attorney for Attorney's hard costs and expenses such as copies, court filing fees, postage, travel, court reporter and transcript fees, etc.). This Contract of Employment covers the period through the trial court adjudication of this action. An additional fee agreement must be entered into for representation in any appeal.

Date: 10/24/2022

OAK-BARK CORPORATION

_William E. Oakley_ (SEAL)
By: WILLIAM E. "BILL" OAKLEY

The above statement is hereby accepted upon the terms and conditions herein, this the 24th day of October 2022.

_G. Grady Richardson, Jr._
G. GRADY RICHARDSON, JR.

# EXHIBIT "B"

### AFFIDAVIT

**STATE OF NORTH CAROLINA**

**COUNTY OF NEW HANOVER**

I, G. Grady Richardson, Jr., of The Law Offices of G. Grady Richardson, Jr., P.C., being first duly sworn aver and say:

1. I am an attorney duly licensed to practice law in the State of North Carolina.

2. I practice law in a professional corporation under the firm name The Law Offices of G. Grady Richardson, Jr., P.C. (the "Firm"), located at 1908 Eastwood Rd., Ste 224, Wilmington, NC 28403.

3. Neither I nor the Firm have any business connections with Oak-Bark Corporation ("Debtor"), its creditors, or any other party in interest, or his respective attorneys or accountants except as set forth below.

4. The Firm and I have represented Debtor as its legal counsel for a period of approximately 20 years.

5. The Firm and I seek approval to represent Debtor in pursuit of all claims and remedies available to it in litigation against Entegris, Inc. ("Entergris") for Entegris' breach of its promissory note obligations to Debtor as referenced in the Application. I entered into an agreement with Debtor related to the Litigation on or about October 24, 2022, and would like to continue that arrangement.

6. The Firm and I have represented the Board of Directors of Debtor as its legal counsel for a period of approximately 20 years, including representation of individual members of the Board of Directors in litigation related to their serving in such capacity.

7. The Firm and I intend to represent James C. Barker, President of Debtor, and

William E. Oakley, Chairman of Debtor (the "Corporate Officers"), in litigation known by case no. 7:23-cv-01150-FL, which is currently pending in the United States District Court for the Eastern District of North Carolina, Wilmington Division (the "EPA Lawsuit"). The EPA Lawsuit was initiated by the United States of America against Debtor and the Corporate Officers, *et al.*, who are collectively the defendants in the EPA Lawsuit. Debtor filed a motion to transfer the venue of the EPA Lawsuit to this court on November 20, 2023 [Doc. No. 47]. George Mason Oliver will represent Debtor, and the Firm and I will represent the Corporate Officers in defense of the EPA Lawsuit. The EPA Lawsuit is unrelated to the Litigation against Entegris on the promissory note.

8. Neither I nor the Firm hold any adverse interests to Debtor or the estate in the matters upon which we are to be engaged except as disclosed above.

DATED: 03 January 2024

_____
G. Grady Richardson, Jr.
N.C. State Bar # 25508
THE LAW OFFICES OF
G. GRADY RICHARDSON, JR., P.C.
1908 Eastwood Rd, Ste 204
Wilmington, NC 28403
(910) 509-7166
Email: grady@ggrlawoffice.com

Sworn to and subscribed before me this the 3rd day of January 2024.

_____
NOTARY PUBLIC

Jennifer L. Carpenter
Typed/Printed Name of Notary Public

My commission expires: 4/29/2028

Jennifer L. Carpenter
Notary Public
New Hanover County
North Carolina
My Commission Expires 4/29/2028

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **In the Matter of:** | **Chapter 11** |
| **OAK-BARK CORPORATION** | **Case No.: 23-03351-5-JNC** |
| Debtor | |

## ORDER AUTHORIZING EMPLOYMENT AND APPOINTMENT OF SPECIAL COUNSEL AND ASSUMPTION OF EXECUTORY CONTRACT

      This matter is before the court on the Application for Authority to Employ and Appoint Special Counsel and to Assume Executory Contract (the "Application") of Debtor, stating the necessity of the ongoing employment of George Mason Oliver ("Mr. Oliver) and the Law Offices of G. Grady Richardson, Jr., P.C. (the "Firm") and G. Grady Richardson, Jr. ("Mr. Richardson") to perform services on Debtor's behalf and praying for authority to compensate the Firm for work performed pursuant to the Application and the pre-Petition Contract of Employment attached thereto; and it being the court's belief that the Firm and Mr. Richardson are well-qualified to represent Debtor as special litigation counsel; that neither the Firm nor Mr. Richardson have any connections with Debtor, its creditors, any party-in-interest in this case, nor Debtor's attorneys or accountants; that neither the Firm nor Mr. Richardson represent any interest adverse to Debtor or Debtor's estate in the matters upon which they are to be engaged; that the Firm's and Mr. Richardson's employment are necessary and in the best interests of Debtor's bankruptcy estate; and for good cause shown,

      IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the employment of the Firm and Mr. Richardson as special counsel is hereby authorized as provided for in the Application, and the Firm and Mr. Richardson shall be compensated for work performed pursuant to the Application and the pre-Petition Contract of Employment attached thereto, subject to court approval.

**"End of Document"**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **In the Matter of:** | **Chapter 11** |
| **OAK-BARK CORPORATION** | **Case No.: 23-03351-5-JNC** |
| **Debtor** | |

### NOTICE OF DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY AND APPOINT SPECIAL COUNSEL AND MOTION TO ASSUME EXECUTORY CONTRACT

NOTICE IS HEREBY GIVEN of the Debtor's Application for Authority to Employ and Appoint Special Counsel and to Assume Executory Contract (the "Application") filed simultaneously herewith in the above-captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that the Application may be allowed provided no response and request for a hearing is made by a party in interest on or before [**14 days**]; and

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by the court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the court may rule on the Motion and response thereto *ex parte* without further notice. Any party filing an objection requesting a hearing shall appear at said hearing or they may be taxed with court costs.

This the 3rd day of January 2024.

s/George Mason Oliver
GEORGE MASON OLIVER
N.C. State Bar #26587
THE LAW OFFICES OF
OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563
(252) 633-1930
(252) 633-1950 Fax
Email: george@olivercheek.com

## CERTIFICATE OF SERVICE

I, George Mason Oliver, PO Box 1548, New Bern, NC 28563, certify:

That I am at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 3rd day of January, 2024, I served copies of the foregoing Application for Authority to Employ and Appoint Special Counsel and to Assume Executory Contract on the parties listed below via CM/ECF or by U.S. Mail, First Class, sufficient postage prepaid, as indicated; and

I certify under penalty of perjury that the foregoing is true and correct.

This the 3rd day of January, 2024.

s/George Mason Oliver  
GEORGE MASON OLIVER  
N.C. State Bar #26587  
THE LAW OFFICES OF  
OLIVER & CHEEK, PLLC  
PO Box 1548  
New Bern, NC 28563-1548  
(252) 633-1930  
(252) 633-1950 (fax)  
Email: george@olivercheek.com

| | |
|---|---|
| Bankruptcy Administrator | (via CM/ECF) |
| Ciara L. Rogers, Esq.<br>*Subchapter V Trustee* | (via CM/ECF) |
| Oak-Bark Corporation<br>514 Wayne Drive<br>Wilmington, NC 28403<br>*Debtor* | (via U.S. Mail) |
| G. Grady Richardson, Jr., Esq.<br>1908 Eastwood Rd, Ste 204<br>Wilmington, NC 28403<br>*Attorney for Oakley & Barker* | (via U.S. Mail) |
| Cronly Bluffs, LLC<br>514 Wayne Drive<br>Wilmington, NC 28403<br>*Creditor* | (via US Mail) |

Columbus Cty Tax Collector     (via US Mail)
Attn: Manager or Agent
125 Washington St, Ste A
Whiteville, NC 28472
*Creditor*

CTW Specialties     (via U.S. Mail)
Attn: Manager or Agent
828 Knox Rd
Mc Leansville, NC 27301
*Creditor*

Eleanor G. Wright Lindemann     (via US Mail)
1928 Dilworth Rd West
Charlotte, NC 28203
*Creditor*

Elizabeth Wright McMillen     (via US Mail)
PO Box 99
New Port, RI 02840
*Creditor*

R. Steven DeGeorge, Esq.     (via US Mail)
Atty: Lindemann & McMillen
101 N Tryon St, Ste 1900
Charlotte, NC 28246
*Attorney for Lindemann & McMillen*

Catherine Cralle Jones, Esq.     (via US Mail)
Atty: Estate of Elizabeth L. Wright
130 S Salisbury St
Raleigh, NC 27601
*Attorney for Estate of Elizabeth L. Wright*

Entegris, Inc.     (via US Mail)
Attn: Manager or Agent
129 Concord Rd, Bldg #2
Billerica, MA 01821-4600
*Creditor*

Environmental Protection Agency     (via US Mail)
Atty: Nicole Demoss
61 Forsyth St SW
Atlanta, GA 30303-8931
*Creditor*

Hexion Inc. (via U.S. Mail)
Attn: Manager or Agent
180 East Broad St
Columbus, OH 43215-3707
*Creditor*

Internal Revenue Service (via U.S. Mail)
Attn: Manager or Agent
PO Box 7346
Philadelphia, PA 19101-7346
*Creditor*

James C. Barker (via U.S. Mail)
2733 Leader Circle
Wilmington, NC 28412
*Creditor*

Koch Sulfur Products Co. (via U.S. Mail)
Attn: Manager or Agent
2 South Salisbury St
Raleigh, NC 27601
*Creditor*

McGrath North (via U.S. Mail)
Attn: Tom McGowan
1601 Dodge St, Ste 3700
Omaha, NE 68102
*Creditor*

United States (via U.S. Mail)
Attn: Manager or Agent
950 Pennsylvania Ave NW
Washington, DC 20530
*Creditor*

U.S. Attorney (via U.S. Mail)
150 Fayetteville St, Ste 2100
Raleigh, NC 27601

Dept. of Justice, Env. Enforcement (via U.S. Mail)
Atty: Thomas A. Landers
PO Box 7611
Washington, DC 20044
*Attorney for EPA and United States*

Dept. of Justice, Env. Enforcement    (via U.S. Mail)
Atty: Patricia L. Hurst
PO Box 7611
Washington, DC 20044
*Attorney for EPA and United States*

Dept. of Justice, Env. Enforcement    (via U.S. Mail)
Atty: Karl Fingerhood
PO Box 7611
Washington, DC 20044
*Attorney for EPA and United States*

William E. Oakley    (via U.S. Mail)
514 Wayne Dr
Wilmington, NC 28403
*Creditor*